CLARA S. KALHOUS
_____

March 27, 2012


**BY HAND DELIVERY**
Honorable Carol Bagley Amon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**BY UNITED STATES MAIL**
Honorable Joanna Seybert
United States District Court
Eastern District of New York
Alfonse M. D'Amato Federal Building
100 Federal Plaza
P.O. Box 9014
Central Islip, NY 11722

**BY ECF AND HAND DELIVERY**
Honorable Sandra L. Townes
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 111201

Re:   *United States v. Cournoyer, et al.*, **12-CR-065 (SLT)**

Dear Judge Amon, Judge Seybert, and Judge Townes:

Jose Alejandro Castillo-Medina, a defendant in the above-captioned case, respectfully submits this Letter Motion for Reassignment of this case to the Honorable Joanna Seybert as a related case pursuant to Local Rules 50.2(f)(1), 50.3.2(b)(1), and 50.3.2(d).  As set forth below, the charges against Mr. Castillo-Medina in the above-referenced indictment are, on information and belief, related to a case currently pending before the Honorable Joanna Seybert: *United States v. Curatola, et al.*, 10-CR-991 (JS) (AKT) ("*Curatola*").  In the alternative, an evidentiary

hearing to determine the relatedness of the charges against Mr. Castillo-Medina in the two cases should be held.

## Statement Of Facts

On November 18, 2010, Mr. Castillo-Medina was charged in a complaint in the Central Islip courthouse of the Eastern District of New York with aiding and abetting the distribution of marijuana in violation of 21 U.S.C. § 841(a)(1). *See Curatola*, Docket Entry 1 dated 11/18/2010. On December 16, 2010, an indictment was issued against Mr. Castillo-Medina and four co-defendants, charging them with a conspiracy to distribute and possess with the intent to distribute 100 kilograms of marijuana "on or about and between March 1, 2010 and November 16, 2010" in the Eastern District of New York and elsewhere. *See Curatola*, Docket Entry 26. On January 5, 2011, Mr. Castillo-Medina pled not guilty to the charge. *See Curatola*, Docket Entry 33.

Shortly thereafter, on February 3, 2011, a superseding indictment was handed down by the grand jury, charging multiple additional defendants. Mr. Castillo-Medina was again charged with the same offense as in the original indictment—a single count of conspiracy to distribute and possess with the intent to distribute 100 kilograms or more of marijuana between March 1, 2010 and November 16, 2010. *See Curatola*, Docket Entry 46. On March 4, 2011, Mr. Castillo-Medina pled not guilty to the superseding indictment. *See Curatola*, Docket Entry 91.

Beginning in late February 2011, the Honorable Joanna Seybert received and decided motions for discovery for the defendants in *Curatola*, becoming fully familiar with the facts and circumstances of that case. *See, e.g.*, *Curatola*, Docket Entries 87, 88. The government produced voluminous discovery, including at least 21 discs of materials.

On August 5, 2011, Mr. Castillo-Medina pled guilty in that case to a lesser included offense of conspiracy to possess with the intent to distribute marijuana in violation of 21 U.S.C.

§§ 841(b)(1)(D) and 846. Sentencing was originally scheduled for November 18, 2011 but has been adjourned several times and is now scheduled to take place before the Honorable Joanna Seybert on May 4, 2012.

On information and belief, during the 16-month period since his arrest in *Curatola*, Mr. Castillo-Medina was never informed that the government was considering additional charges, let alone an entirely new case, against him. Nonetheless, while the charge in *Curatola* was pending against Mr. Castillo-Medina, the government brought a new case against him in the Brooklyn courthouse of the Eastern District of New York. *See United States v. Cournoyer, et al.*, 12-CR-65 (SLT) ("*Cournoyer*"), Docket Entry 13 (unsealing case and arrest warrant as to Jose Alejandro Castillo-Medina and others).

In *Cournoyer*, the government has charged Mr. Castillo-Medina with (1) conspiracy to import 1,000 or more kilograms of marijuana between January 2002 and October 2011 in violation of 21 U.S.C. §§ 952(a), 960(a)(1), 960(b)(1)(G), and 963; (2) conspiracy to distribute 1,000 or more kilograms of marijuana between January 2002 and October 2011 in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(vii); and (3) money laundering conspiracy involving one or more financial transactions between January 2002 and June 2011. Mr. Castillo-Medina has not yet been arraigned on these counts and makes this motion for reassignment to avoid the undue prejudice against him that would result if these two related cases were heard by two different judges.

Because the charges in *Cournoyer* encompass the time period charged in *Curatola* and because it appears that the facts and circumstances giving rise to the current charges against Mr. Castillo-Medina are related to the charge to which he pled guilty in August of 2011, the defense respectfully moves for the reassignment of the new case against Mr. Castillo-Medina to the

3

Honorable Joanna Seybert, who is fully familiar with the facts and circumstances of *Curatola* and with Mr. Castillo-Medina himself, as set forth in the sentencing memorandum filed by Mr. Castillo-Medina's counsel in *Curatola*.

## ARGUMENT

### I. This Case Must Be Reassigned Because It Is Related to United States v. Curatola.

The current version of the Local Rules of the Eastern District of New York, enacted on March 1, 2012, provide that, "Any objection by a party to designation of a judge or to place of trial shall be made by letter or motion to the judge assigned in a criminal case, within fourteen (14) days from arraignment or from initial notice of appearance, whichever is earlier." Local Rule ("L.R.") 50.2(f)(1).[1]

Concerning relatedness, the current Local Rules provide that:

> There shall be a presumption that one case is "related" to another when the facts of each arise out of the same charged criminal scheme(s), transaction(s), or event(s), even if different defendants are involved in each case.

\* \* \*

> Any defendant may request reassignment to a judge whom the defendant contends has a case that is presumptively related pursuant to Section (b)(1).

Local Rule ("L.R.") 50.3.2(b)(1) and (d). "No case shall be reassigned except in the interest of justice and the efficient disposition of the business of the court." L.R. 50.4.

Similarly, the version of the Local Rules in effect through February 29, 2012 (that is, the Local Rules in effect when the indictments in both *Curatola* and *Cournoyer* were originally handed down) provide that:

> A case is "related" to another for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same

---

[1] A Notice of Appearance of counsel was entered on behalf of Mr. Castillo-Medina on March 25, 2012. His arraignment on this case has not yet been scheduled.

4

>transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge.
>
>* * *
>
>**Criminal cases are "related" only when** (A) a superseding indictment is filed, or (B) **more than one indictment or information is filed against the same defendant or defendants**, or (C) when an application is filed by a person in custody that relates to a prior action. Other cases will be deemed "related" only upon written application by a party, upon not less than ten days' notice to each other party, to the judge presiding over the earlier assigned case. The application will be granted only if substantial saving of judicial resources is likely to result from assigning both cases to the same judge, or is otherwise in the interest of justice.

L.R. 50.3 (a) and (c) (emphasis supplied).[2]

As subsection (c) makes clear, "when . . . more than one indictment or information is filed against the same defendant or defendants," the cases are presumptively related. L.R. 50.3(c). Where cases are related, they "**shall** be assigned . . . to the judge to whom was assigned the case with the lowest docket number in the series of cases." L.R. 50.3(e) (emphasis supplied).

In the instant matters, Mr. Castillo-Medina was charged in the indictments in both *Curatola* and *Cournoyer*, making the cases presumptively related under the Local Rules in effect at the time that each indictment was handed down. *See* L.R. 50.3(c). In *United States v. Russo*, 11-CR-030 (SLT), the government indicted 39 defendants including Theodore Persico, Jr., who was also a defendant in the pending case of *United States v. Bombino, et al.*, 10-CR-147 (SLT). The government argued that because one defendant was the same in each case, the cases were related. The government's argument in *Bombino* is persuasive here. Because Mr. Castillo-Medina is charged with similar conduct during overlapping time periods in *Curatola* and

---

[2] Effective April 15, 1997 through February 29, 2012 (version as accessed through the website of the United States District Court for the Eastern District of New York includes amendments through October 19, 2010). The indictment in *Cournoyer* was filed on February 21, 2012 but was not unsealed against Mr. Castillo-Medina until March 7, 2012.

5

*Cournoyer*, the instant matter should be reassigned to the Honorable Joanna Seybert in conformity with the Eastern District's Local Rules.

In addition, because, on information and belief, the cases arose out of the same charged criminal scheme, the cases should be considered related under the current version of the Local Rules. *See* L.R. 50.3.2(b)(1). At no point during the prosecution of *Curatola* did the government inform Mr. Castillo-Medina that he was the subject of an ongoing investigation or that additional charges against him were pending. Nonetheless, because the time periods of the two cases overlap and because they charge similar, if not identical, conduct, the cases should be considered related.[3]

Moreover, because *Curatola* has been pending before the Honorable Joanna Seybert for nearly 18 months, and because sentencing memoranda concerning Mr. Castillo-Medina have been filed by the defense and by the government in *Curatola*, the Court is fully familiar with the facts giving rise to the offense of conviction—an offense that occurred during the time period at issue in *Cournoyer*—and is in the best position to hear and evaluate the evidence in the instant case against Mr. Castillo-Medina against the background of *Curatola*.

Therefore, the instant case should be deemed related to *Curatola* and reassigned to the Honorable Joanna Seybert.

## II. This Case Should Be Reassigned Because Mr. Castillo-Medina Will Be Actually Prejudiced By Having Two Courts Presiding Over Two Related Cases.

As set forth in Mr. Castillo-Medina's co-defendant's Letter Motion for Reassignment challenging the government's assertion that *Cournoyer* is related to the case of *United States v.*

---

[3] Although a motion to dismiss one or more of the counts against Mr. Castillo-Medina on double jeopardy grounds is not yet before the Court, should such a motion be made, the Honorable Joanna Seybert would, because of her familiarity with the facts of *Curatola*, be in the best position to decide such a motion.

6

*Square*, 08-CR-916 (SLT)[4], the brief history of *Cournoyer* indicates that, although the case was first assigned through the Court's random assignment procedure, the government then moved to reassign the case in a manner not in compliance with the Local Rules of this District.[5] In his Letter Motion for Reassignment, co-defendant Jimmy Cournoyer argued *inter alia* that the Due Process Clause of the United States Constitution mandated reassignment to the original randomly assigned judge. Mr. Cournoyer argued that he should not be required to show "actual prejudice" from the result of the alleged judge-shopping and that prejudice should be presumed. *See Cournoyer* Docket Entry 17 at 6.

In *Francolino v. Kuhlman*, 365 F.3d 137 (2d Cir. 2004), the Second Circuit held that, although "a criminal justice system in which the prosecutor alone is able to select the judge of his choice to preside at trial . . . raises serious concerns about the appearance of partiality, irrespective of the motives of the prosecutor in selecting a given judge," unless the defendant could show "actual prejudice" as a result of the judge-shopping, he could not demonstrate a violation of his Due Process rights.[6] *Francolino*, 365 F.3d at 141-42. In the instant matter, however, Mr. Castillo-Medina will be actually prejudiced if this case is not reassigned to the Honorable Joanna Seybert.

Since November 2010, Mr. Castillo-Medina has appeared before the Honorable Joanna Seybert for arraignment, pretrial conferences, and a plea of guilty. Judge Seybert has scheduled his sentencing for May 4, 2012. During the past 18 months, Judge Seybert has become familiar with the facts and circumstances of Mr. Castillo-Medina's case and with all of the events in

---

[4] *See Cournoyer*, Docket Entry 17.
[5] Mr. Castillo-Medina adopts the arguments set forth in his co-defendant's motion for reassignment insofar as they apply to him. For purposes of concision, those arguments are not repeated in full herein.
[6] *Francolino* arose out of an appeal of a habeas corpus petition for a new trial in New York State court.

*Curatola*. Because, on information and belief, the facts and circumstances in *Curatola* and *Cournoyer* are related, Mr. Castillo-Medina will be actually prejudiced by having to litigate similar issues before a different court.[7]

Moreover, although in no way conceding guilt as to the charges against him in *Cournoyer*, and while asserting his right to be considered innocent until proven guilty, Mr. Castillo-Medina notes that Local Rule 50.3.2(b)(4) provides that, "If a defendant has been convicted in more than one case and the sentences are pending before different judges, each of the pending sentences shall be imposed by a single judge determined by all of the relevant judges to be best suited to do so." Thus, in the event that Mr. Castillo-Medina were to be found guilty of any additional charges, it would be proper for his sentence to be imposed by the Honorable Joanna Seybert because she is already fully familiar with Mr. Castillo-Medina's personal history and characteristics as they relate to the statutory factors set forth in 18 U.S.C. § 3553.

Therefore, because Mr. Castillo-Medina will be actually prejudiced if the case is not reassigned as a related case to *Curatola*, the case should be reassigned to the Honorable Joanna Seybert.

## Conclusion

Wherefore, for the reasons set forth above, Jose Alejandro Castillo-Medina respectfully moves for reassignment of this case to the Honorable Joanna Seybert as a related case or, in the alternative, for an evidentiary hearing on the question of relatedness between *Curatola* and *Cournoyer*.

---

[7] Although a severance motion is not currently pending, it is respectfully suggested that, if the Court were to sua sponte sever Mr. Castillo-Medina from the other defendants in *Cournoyer* and reassign his case and the pending charges against him to the Honorable Joanna Seybert, that result would be proper and in the interests of justice.

                                                                                          /s/_____
Clara Kalhous, Esq.

476 Central Park W. #2B
New York, NY 10025
(347) 415-9523
clara.kalhous@gmail.com

*Attorney for Jose Alejandro Castillo-Medina*

Cc:    AUSA Steven L. Tiscione (via ECF)
        AUSA Toni M. Mele (via ECF)
        AUSA Celia Cohen (via ECF)
        United States Attorney's Office
        Eastern District of New York
        271 Cadman Plaza East
        Brooklyn, NY 11201